# EXHIBIT A

# EXHIBIT A

Electronically Filed
4/8/2021 7:28 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
KYLE A. STUCKI, ESQ
Nevada Bar No. 12646
**STUCKI INJURY LAW**
1980 Festival Plaza Dr., Ste. 300
Las Vegas, NV 89135
P 877.7-STUCKI
F 877.778.8253
Kyle@StuckiInjuryLaw.com
*Attorney for Plaintiff*

CASE NO: A-21-832494-C
Department 19

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MICHAEL RUSSO, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>DURACELL INC., a Foreign Entity;<br>SENNHEISER ELECTRIC CORP, a Foreign<br>Entity; DOES I through 20; ROE BUSINESS<br>ENTITIES 1 through 20,<br><br>   Defendants. | CASE NO.<br>DEPT. NO.<br><br>**COMPLAINT** |

COMES NOW, Plaintiff MICHAEL RUSSO, by and through his attorney of records, Kyle A. Stucki, Esq., MBA of STUCKI INJURY LAW, and complains and alleges as follows:

I.
**JURISDICTION**

1.  That at all times relevant herein, Plaintiff MICHAEL RUSSO is, and was, a resident of the Clark County, Nevada.

2.  That according to information and belief, and at all times relevant herein, Defendant DURACELL INC., is, and was, a Foreign Entity, headquartered in Connecticut and a manufacturer of numerous consumer products, and in this case

1

specifically batteries, that are, and have been for decades, regularly sold to consumers internationally as well as specifically in Clark County, Nevada.

3. That according to information and belief, and at all times relevant herein, Defendant SENNHEISER ELECTRIC CORP, is, and was, a Foreign Entity, headquartered in Connecticut and a manufacturer of numerous consumer products, and in this case specifically headphones, that are, and have been for decades, regularly sold to consumers internationally as well as specifically in Clark County, Nevada.

4. All the facts and circumstances that gave rise to the subject lawsuit occurred in Clark County, Nevada.

5. That Defendant DOES 1-5 and ROE BUSINESS ENTITIES 1-5, inclusive, are foreign or domestic designers and/or manufacturers of the defective battery/batteries and headphones or its component parts complained of herein.

6. That Defendant DOES 6-10 and ROE BUSINESS ENTITIES 6-10, inclusive, are foreign or domestic suppliers, distributors and/or retailers of the defective battery/batteries and headphones or its component parts complained of herein and/or are agents otherwise involved with placing the battery/batteries and headphones within the stream of commerce as related to the present matter.

7. That Defendant DOES 11-15 and ROE BUSINESS ENTITIES 11-15, inclusive, are mechanics, supervisors, managers, agents and/or employees of Defendants.

8. That Defendant DOES 16-20 and ROE BUSINESS ENTITIES 16-20, inclusive, are successor business entities that may have purchased, merged, or otherwise have a

corporate partnership with DURACELL INC. and/or SENNHEISER ELECTRIC CORP and assumed liability for claims against DURACELL INC. and/or SENNHEISER ELECTRIC CORP.

9. That the true names and capacities of the Defendants designated herein as DOE or ROE BUSINESS ENTITIES are presently unknown to Plaintiffs at this time. Therefore, Plaintiffs sue said Defendants by fictitious names. When the true names and capacities of these defendants are ascertained, Plaintiffs will amend this Complaint accordingly.

10. That at all times pertinent, Defendants designated herein as DOE or ROE BUSINESS ENTITIES were agents, servants, employees or join venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

11. That at all times pertinent, Defendants designated herein as DOE or ROE BUSINESS ENTITIES was in some manner negligently, strictly or otherwise responsible for the events and happenings referred to and caused damages to Plaintiffs as herein alleged.

12. Plaintiffs will ask leave of the court to amend the Complaint to insert the true names of such defendants when the same have been ascertained.

## II.
## GENERAL ALLEGATIONS

13. In the early hours of Easter Morning, on April 21, 2019, in Clark County, Nevada, Plaintiff MICHAEL RUSSO was wearing wireless headphones while playing an online video game.

14. The wireless headphones he was using were manufactured by Defendant SENNHEISER and was model RS120 On-Ear Wireless RF Headphones with Charging Dock.

 

*(Stock Photo)*     *(Subject Headphones)*

15. Plaintiff purchased the wireless headphones on November 25, 2016 through Amazon.com.

16. The Subject Headphones used 2 AAA batteries for operation.

17. At the time of the Subject Incident, the Subject Headphone had 2 Duracell Quantum AAA batteries inserted.

4

18. A 4-pack of Duracell Quantum AAA batteries was purchased and owned by Plaintiff.

   

       *(Stock Photos)*                        *(Subject Batteries)*

19. The Duracell battery/batteries and Sennheiser headphones, are hereinafter collectively referred to as the "Subject Products."

20. After playing for several minutes, Plaintiff heard a loud "pop" in his left ear that he states was "equivalent to a gun shot."

21. Plaintiff screamed in pain and knocked the headphones off of his ear.

22. Plaintiff immediately experienced loud ringing deep in his ear and couldn't hear anything from his left ear.

23. Plaintiff cleaned liquid that came from the battery from his ear and saw smoke coming from the left battery compartment of the headphones.

5

24. Plaintiff examined the battery and saw that the Duracell battery inserted on the left side of the Sennheiser headphones had burst.

 

*(Subject Battery from Left Side of Headphones)*

25. Despite attempting to live a normal life, and continue his employment as an electronic sound engineer and musician, Plaintiff had suffered, and continue to suffer from, severe and permanent damage, including migraines, headaches, severe tinnitus, partial and substantial hearing loss in his left ear, and serious psychological and emotional damage, such as depression, anxiety, and fear, among others.

## III.
## FIRST CAUSE OF ACTION
### Strict Product Liability as to all Defendants

26. Plaintiffs repeat and reallege paragraphs 1-25 as though the same were fully set forth at length herein.

27. At the time the Subject Products were placed in the stream of commerce by Defendants, the Subject Products were defective and unreasonably dangerous, without limitation, as follows:

    a. Defects in the design of the Subject Products;

    b. Defects in the manufacture of the Subject Products;

    c. Defects in the warnings or labels accompanying the Subject Products; and

    d. Other defects that may later be revealed during discovery.

28. The failure of the Subject Products, and the damages sustained by Plaintiff were a direct and proximate result of the defects in the Subject Products, which was being used in the manner intended by the manufacturers or in a manner unintended but foreseeable by the manufacturers.

29. Defendants are strictly liable for the injuries and damages sustained by Plaintiff.

**IV.**
**SECOND CAUSE OF ACTION**
**Negligence as to all Defendants**

30. Plaintiffs repeat and reallege paragraphs 1-29 as though the same were fully set forth at length herein.

31. Defendants had a duty to Plaintiff to exercise reasonable care in its design, testing, manufacturing, sale, examining, maintaining, repairing and/or certification of the Subject Products.

32. Defendants failed to exercise the reasonable care in its design, testing, manufacturing, sale, examination, maintenance, repair and/or certification of the Subject Products.

33. Defendants' acts and/or omissions are the proximate and legal cause of the failure of the Subject Products and the damages sustained by Plaintiff.

34. Plaintiff sustained injuries and damages as a result of Defendants' breach of their duty/duties.

**V.**
**THIRD CAUSE OF ACTION**
**Breach of Express Warranties as to all Defendants**

35. Plaintiffs repeat and reallege paragraphs 1-34 as though the same were fully set forth at length herein.

36. Defendants expressly warranted that the Subject Products were free from defects.

37. Defendants breached the express warranties, and these breaches of warranty were the proximate and legal cause of the failure of the Subject Products.

38. Plaintiff sustained injuries and damages as a result of Defendants' breach.

## VI.
## FOURTH CAUSE OF ACTION
**Breach of Implied Warranty of Merchantability as to all Defendants**

39. Plaintiffs repeat and reallege paragraphs 1-38 as though the same were fully set forth at length herein.

40. Defendants breached the implied warranty of merchantability of the Subject Products, and their breach of warranty was the proximate and legal cause of the failure of the Subject Products.

41. Plaintiff sustained injuries and damages as a result of Defendants' breach.

## VII.
## FIFTH CAUSE OF ACTION
**Breach of Implied Warranty of Fitness
for a Particular Purpose as to all Defendants**

42. Plaintiffs repeat and reallege paragraphs 1-41 as though the same were fully set forth at length herein.

43. Defendants had reason to know:

    a. the particular purpose for which the Subject Products would be used; and

    b. that Plaintiff was relying on Defendants' skill and judgment to provide a suitable product.

44. Defendants implicitly warranted that the Subject Products were fit for the particular purpose for which it was required.

45. Defendants breached their implied warranty of fitness for a particular purpose, and its breach of warranty was the proximate and legal cause of the failure of the Subject Products.

46. Plaintiff sustained injuries and damages as a result of Defendants' breach.

# VIII.
# SIXTH CAUSE OF ACTION
**(Punitive Damages as to all Defendants)**

47. Plaintiffs repeat and reallege paragraphs 1-46 as though the same were fully set forth at length herein.

48. That at all times relevant herein, Defendants acted with conscious disregard, fraudulently, with express and implied malice and/or oppressively towards Plaintiff.

49. That, specifically, Defendants' conduct gives rise to and supports a claim for punitive damages pursuant to NRS 42.005-7.

50. That as a direct and proximate result of the acts of Defendants, Plaintiff has incurred damages and is thereby entitled to punitive damages in excess of $15,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment against Defendants as follows:

1. General damages in an amount in excess of $15,000.00;

2. Special damages for medical and incidental expenses incurred and to be incurred, but in excess of $15,000.00;

3. Punitive damages in an amount in excess of $15,000.00;

4. Special damages for lost earnings and earning capacity in excess of $15,000.00;

5. Reasonable attorney's fees and costs of suit incurred herein; and

6.	For such other and further relief as the Court may deem just and proper.

DATED this 7th day of April, 2021.

                                                  **STUCKI INJURY LAW**

*[signature]*

KYLE A. STUCKI, ESQ., MBA
Nevada Bar No. 12646
1980 Festival Plaza Dr., Ste. 300
Las Vegas, NV 89135
*Attorney for Plaintiffs*