UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL RUSSO,

                Plaintiff,

vs.

DURACELL, INC., *et al.*,

                Defendants.

Case No.: 2:21-cv-1403-GMN-DJA

**ORDER**

Pending before the Court is the Motion to Dismiss Plaintiff's Sixth Cause of Action for Punitive Damages, (ECF No. 3), filed by Defendant Duracell, Inc.[1] ("Duracell"). Defendant Sennheiser Electric Corp.[2] ("Sennheiser") filed a Joinder, (ECF No. 7), to join Duracell's Motion to Dismiss.[3] Plaintiff Michael Russo ("Plaintiff") filed a Response, (ECF No. 12), to which Duracell filed a Reply, (ECF No. 13).

Also pending before the Court is the Motion to Remove Document Number 13 From the Court's Docket, (ECF No. 16), filed by Duracell. Simultaneously, Duracell filed a new Reply, (ECF No. 15), to Plaintiff's Response, (ECF No. 12).

For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Sixth Cause of Action for Punitive Damages and Motion to Remove Document Number 13 from the Court's Docket.[4]

---

[1] Defendant Duracell indicates that its correct name is "Duracell U.S. Operations, Inc." (Mot. Dismiss 1:20–21, ECF No. 3).

[2] Defendant Sennheiser indicates that its correct name is "Sennheiser Electric Corporation." (Joinder 1:19–20, ECF No. 7).

[3] The Court will refer to Defendants Duracell and Sennheiser collectively as "Defendants."

[4] Duracell claims that the document filed on the docket as ECF No. 13 was "filed incorrectly due to clerical error." (*See* Mot. Remove Doc. 1:18–2:1, ECF No. 16); (Reply 1:8–16, ECF No. 13) (indicating that this document is intended to be filed in state court, bearing the case number A-17-761754-C). The Court grants Duracell's Motion to Remove Document Number 13, (ECF No. 16), because this error is clerical in nature and

## I. BACKGROUND

This case arises out of a products liability claim regarding an explosion allegedly caused by a defective battery in Plaintiff's wireless headphones. (Compl. ¶¶ 13–25, Ex. A to Pet. Removal, ECF No. 1-1). Plaintiff works as an electronic sound engineer and musician. (*Id*. ¶ 25, Ex. A to Pet. Removal). On November 25, 2016, Plaintiff purchased a pair of RS120 On-Ear Wireless RF Headphones (the "headphones"), which were manufactured by Sennheiser and required two AAA batteries to operate. (*Id.* ¶¶ 14–16, Ex. A to Pet. Removal). On April 21, 2019, while Plaintiff was wearing the headphones and playing a video game, he heard a loud "pop" in his left ear. (*Id.* ¶¶ 13, 20, Ex. A to Pet. Removal). He claims that the batteries in the headphones burst and caused the "pop". (*Id.* ¶¶ 23–25, Ex. A to Pet. Removal). Plaintiff alleges Duracell manufactured the batteries. (*See id.* ¶ 17, Ex. A to Pet. Removal).

On April 8, 2021, Plaintiff filed a Complaint against Defendants in state court. (*See generally* Compl., Ex. A to Pet. Removal); (Pet. Removal ¶ 2, ECF No. 1). In the Complaint, Plaintiff alleges the following claims against all Defendants: (1) strict products liability; (2) negligence; (3) breach of express warranties; (4) breach of implied warranty of merchantability; (5) breach of implied warranty of fitness for a particular purpose; and (6) punitive damages. (Compl. ¶¶ 26–50, Ex. A to Pet. Removal).

On July 27, 2021, Duracell removed the case to federal court, (*see generally* Pet. Removal), and filed the instant Motion to Dismiss, (*see generally* Mot. Dismiss ("MTD"), ECF No. 3). Sennheiser joined Duracell's MTD via Joinder. (*See generally* Joinder, ECF No. 7).

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

Plaintiff does not oppose it. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.").

555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id.*  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by

amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.   DISCUSSION[5]

In his Complaint, Plaintiff seeks punitive damages as a separate cause of action against Defendants because they "acted with conscious disregard, fraudulently, [and] with express and implied malice and/or oppressively towards Plaintiff" and their conduct "gives rise to and supports a claim for punitive damages pursuant to NRS 42.005–7." (Compl. ¶¶ 48–49, Ex. A to Pet. Removal). Defendants move to dismiss this independent cause of action by arguing that Plaintiff neither shows that Defendants' conduct arises to the level of malice, fraud, or oppression nor provides any evidence of Defendants' culpable state of mind that exceeds "mere recklessness or gross negligence" for punitive damages. (MTD 4:10–5:4).

In response, Plaintiff argues that his allegations "by definition satisfy Plaintiff's pleading burden" at this stage, impliedly suggesting he needs not "plead exact details of Defendant's offending acts or omissions." (Pl.'s Resp 4:20–5:19, ECF No. 12). Plaintiff also contends that his "allegations of 'conscious disregard,' 'express and implied malice and/or oppression'" satisfy the standard of Fed. R. Civ. P. 9(b) that "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[6] (*Id.* 5:14–27) (citing Fed. R. Civ. P. 9(b)).

---

[5] The Court's analysis is limited only to Plaintiff's punitive damages claim as it relates to being raised as a separate cause of action. The Court does not apply its analysis to the punitive damages Plaintiff seeks as a prayer for relief. (*See* Compl. 10:22, Ex. A to Pet. Removal).

[6] Plaintiff concedes that his allegation of fraud does not meet the standard of Fed. R. Civ. P. 9(b). (Pl's Resp. 5:16–27). Thus, as explained in more detail below, the Court dismisses Plaintiff's independent punitive damages claim as it relates to his allegation of fraud.

As a preliminary matter, punitive damages are "a form of relief and not an independent cause of action." *Villeda v. GEICO Casualty Company*, 2:21-cv-00278-GMN-NJK, 2021 WL 3742020, at *3 (D. Nev. Aug. 24, 2021); *see also Ngan Le v. Sentinel Ins. Co.*, 2:14-cv-00747-APG, 2015 WL 685215, at *2–3 (D. Nev. Feb. 17, 2015) (dismissing a plaintiff's independent claim for punitive damages because "[p]unitive damages are a form of relief, not a cause of action"); *Teva Parenteral Medicines, Inc. v. Eighth Jud. Dist. Ct.*, 137 Nev. Adv. Op. 6, 481 P.3d 1232, 1241 n.4 (Nev. 2021) (holding that "punitive damages is a remedy and not a separate cause of action."). As a result, Plaintiff cannot raise punitive damages as a separate cause of action against Defendants. *Villeda*, 2021 WL 3742020, at *3. Therefore, the Court dismisses with prejudice Plaintiff's independent claim for punitive damages as a matter of law. Nevertheless, even if Plaintiff could properly raise the claim, he does not sufficiently plead a claim for punitive damages.

In Nevada, courts can award punitive damages when a plaintiff proves "by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied." NRS 42.005(1). "'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person." NRS 42.001(4). "'Fraud' means an intentional misrepresentation, deception or concealment of a material fact known to the person with the intent to deprive another person of his or her rights or property or to otherwise injure another person." NRS 42.001(2). "'Malice, express or implied' means conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others." NRS 42.001(3). "'Conscious disregard' means the knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences." NRS 42.001(1). Conscious disregard requires a plaintiff to show "that a defendant acted with a culpable state of mind . . . [such that]

at a minimum, [the alleged misconduct] must exceed mere recklessness or gross negligence." *Countrywide Home Loans, Inc. v. Thitchener*, 124 Nev. 725, 743 (2008).

In the present case, Plaintiff only provides conclusory allegations to support his claim of punitive damages. (*See* Compl. ¶¶ 48–49, Ex. A to Pet. Removal). He does not include any specific, factual allegations to show that Defendants' conduct arises to the level of oppression, fraud, or malice or that Defendants engaged in conscious disregard. (*See id.*, Ex. A to Pet. Removal). Thus, without providing any specific, factual allegations to support his punitive damages claim, Plaintiff fails to state a claim for which relief may be granted. *See InjuryLoans.com, LLC v. Buenrostro*, 529 F.Supp.3d 1178, 1188 (D. Nev. 2021) (dismissing a request for punitive damages because the plaintiff merely alleged that the defendant "engaged in tortious conduct," but did not allege intentional or willful conduct or any "conduct rising to the level of oppression, fraud, or malice").

Further, Plaintiff's argument that he can support claims of conscious disregard, express or implied malice, or oppression with general allegations under Fed. R. Civ. P. 9(b) is unavailing. Although a plaintiff may generally allege "[m]alice, intent, knowledge, and other conditions of a person's mind," "Rule 9 merely excuses a party from pleading discriminatory intent under an elevated pleading standard. It does not give [a plaintiff] license to evade the less rigid—though still operative—strictures of Rule 8." *Ashcroft*, 556 U.S. at 686; Fed. R. Civ. P. 9(b). Moreover, claims of malice, intent, knowledge, and other conditions of a person's mind must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *ESCO Corp. v. Cashman Equip. Co.*, 158 F. Supp. 3d 1051, 1058 (D. Nev. 2016) (citation omitted). To that end, Plaintiff does not provide any underlying facts that could lead this Court to reasonably infer that Defendants acted with conscious disregard or that they committed malice or oppression, express or implied.

Accordingly, even if Nevada law did not bar Plaintiff from raising punitive damages as a separate cause of action, Plaintiff's cause of action fails to state a claim.

In sum, Plaintiff cannot raise punitive damages as a separate cause of action. Even if he could, Plaintiff fails to state a claim for which relief may be granted. As amendment would be futile, the Court dismisses with prejudice Plaintiff's independent cause of action for punitive damages. *See DeSoto*, 957 F.2d at 658; *Villeda*, 2021 WL 3742020, at *3.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Duracell's Motion to Dismiss Plaintiff's Sixth Cause of Action for Punitive Damages, (ECF No. 3), is **GRANTED**.

**IT IS FURTHER ORDERED** that Duracell's Motion to Remove Document Number 13, (ECF No. 16), is **GRANTED.**

**DATED** this __29__ day of March, 2022.

_____
Gloria M. Navarro, Chief Judge
United States District Judge